## JULIA WALKER'S ADMINISTRATOR

v.

## ABEL WALKER'S ESTATE.

January Term, 1894.

*When partner can bind firm by promissory note.   Farming partnership.*

One member of a non-trading partnership has no authority implied by law to bind the firm by a negotiable promissory note, concerning the consideration of which nothing appears; and a farming partnership is non-trading within the above rule.

Appeal from the disallowance of commissioners for the allowance of claims against the estate of Abel Walker.   The appellant sought to recover the amount of a promissory note.   Plea, the general issue and statute of limitations.   Trial by jury at the June term, 1893, Addison county, Tyler, J., presiding.   The court directed a verdict for the appellant.   The defendant excepts.

*Stewart & Wilds* for the defendant.

One partner in a non-trading firm has no authority to charge the firm by the execution of a promissory note in the firm name.   Collyer, Part., 103, 402 ; Sto., Part., s. 102 a ; Chitty, Bills, 46 ; Byles, Bills, 103 ; Lindley, Part., 130, and cases cited in note ; Dan., Neg., Instr., s. 358 a ; *Hedley* v. *Bainbridge*, 3 Ad. and El. (N. S.) 315 ; *Judge* v.

*Braswell*, 13 Bush. 69; *Ulerg* v. *Ginrich*, 57 Ill. 531; *McCray* v. *Slaughter*, 58 Ala. 230; *Prince* v. *Crawford*, 50 Miss. 344; *Graves* v. *Kellenberger*, 51 Ind. 56; *Hunt* v. *Chapin*, 6 Lans. 139; *Pease* v. *Cole*, 53 Conn. 53, 55 Am. Rep. 53; *Benton* v. *Roberts*, 4 La. Ann. 216; *Dickson* v. *Valpy*, 10 B. & C. 128; *Dowling* v. *Exchange Bank of Boston*, 145 U. S. 512; *Roth & Co.* v *Colvin et al.*, 32 Vt. 125.

*W. H. Bliss* for the appellant.

One partner may bind the partnership by a note actually executed on account of the partnership; and, nothing appearing to the contrary, the presumption is that the note was regularly given. *Walker* v. *Wait*, 50 Vt. 668, 674; *Barrett* v. *Russell & Flint*, 45 Vt. 43; *Kelton* v. *Leonard*, 54 Vt. 230; 1 Rand., Com. Pap., s. 398; 1 Pars., Notes and Bills, 128 n. (z); Pars., Part., ss. 131, 132; *Littell* v. *Fitch*, 11 Mich. 525; *Carrier* v. *Cameron*, 31 Mich. 373; Sto., Part., s. 102; *Kimbro* v. *Bullitt*, 22 How. 256; *McGregor* v. *Cleveland*, 5 Wend. 475; *Winship* v. *Bank of U. S.*, 5 Pet. 529; *Baker* v. *Wheeler*, 8 Wend. 505; *Coles* v. *Coles*, 15 Johns. 160; *Johnson* v. *Dutton*, 27 Ala. 245; *Hedley* v. *Bainbridge*, 3 Q. B. 321; *Carlton* v. *Coffin*, 28 Vt. 504; *Mix* v. *Shattuck*, 50 Vt. 421; *Stearns* v. *Haven*, 14 Vt. 540; *Smith* v. *Hill*, 45 Vt. 91; *Roth* v. *Colvin, Allen & Co.*, 32 Vt. 125; *Barrett* v. *Swan*, 17 Me. 180; *Livingston* v. *Roosevelt*, 4 Johns. 251; *Etheridge* v. *Binney*, 9 Pick. 272; *Doty* v. *Bates*, 11 John. 544; *McGregor* v. *Darling*, 5 Wend. 477; *Decker* v. *Howell*, 42 Cal. 636; *Jones* v. *Clark*, 42 Cal. 180; *Deits* v. *Regnier*, 27 Kan. 94; *Van Bount* v. *Mather*, 48 Ia. 503.

ROWELL, J.  The principal question is whether one member of a farming partnership, pure and simple, has authority implied by law to bind the firm by a negotiable prom-

issory note, concerning the consideration of which nothing appears. Such a partnership belongs to the class called non-trading or non-commercial partnerships; and so the question is, more generally stated, whether one member of a non-trading or non-commercial partnership has such authority.

The question is new in this State. It was raised but not decided in *Roth & Co.* v. *Colvin, Allen & Co.*, 32 Vt. 125. There are other cases in our reports in which it might have been raised but was not. But it has received much consideration in other jurisdictions, and it is well settled in England that no such authority exists, and the decided weight of authority in this country is to the same effect. It is, however, unnecessary to enter upon an extended review of the cases, for reference to a few of the leading ones will suffice to show both the law and the reason of it.

In *Hedley* v. *Bainbridge*, 3 Q. B. 316, it was held that one of two attorneys in partnership in the practice of the law had no implied authority to bind the other by a promissory note in the name of the firm although given for a debt of the firm. Lord Denman said that partners in trade have authority as regards third persons to bind the firm by bills of exchange, for such is the usual course of commercial transactions, and that this authority is by the custom and law of merchants, which is a part of the general law of the land; but that the same reason does not apply to other partnerships, for as to them there is no such custom nor usage in respect of giving negotiable instruments, nor is the giving of them necessary for the purpose of their business, and that therefore the implied authority is confined to partners in trade. This is the law of England to this day.

In *Dowling* v. *Exchange Bank of Boston*, 145 U. S. 512, the partnership was formed "for the purpose of carrying on the business of sawing lumber, pickets, and laths" in a certain mill. The notes in suit were given by one of the part-

ners in the name of the firm without the express authority of the other partners and were not used in the partnership business. The court said that the firm was of the class denominated in many of the cases, non-trading or non-commercial firms, the members of which could not be held as matter of law and by reason of the nature of the business to have authority to execute negotiable instruments in the name of the firm.

*Smith* v. *Sloan*, 37 Wis. 285 — 19 Am. Rep. 757 — is a well considered case on this subject. There the defendants, Sloan & Patten, were partners in practicing law, and as such were indebted for office rent. During the continuance of the partnership, Patten, without the knowledge or the express authority of Sloan, gave a firm note for the rent, and the question was whether Sloan was liable upon it; and it was held that he was not. The court reached the conclusion that one partner in a non-trading partnership cannot bind his copartner by a bill or a note drawn, accepted, or indorsed by him in the name of the firm, not even for a debt of the firm, unless he has express authority therefor from his copartner, or unless the giving of such instruments is necessary for carrying on the firm business, or is usual in similar partnerships, and that the burden is on the holder who sues upon the note to show such authority, necessity, or usage.

In *Judge* v. *Braswell*, 13 Bush (Ky.), 69 — 26 Am. Rep. 183 — where the partnership was for carrying on the business of mining, the court said that the doctrine that one partner has implied authority to bind the firm by negotiable instruments is a rule of the law merchant that has been adopted into the common law, and rests for its support on the custom of merchants alone, and has no application to non-commercial partnerships; that in non-commercial partnerships he who seeks to hold the firm on a contract by a single partner must show either express authority or that

such is the custom and usage of the particular branch of business in which the firm is engaged, or such facts as will warrant the conclusion that the partner had been invested by his copartners with the requisite authority, the distinction being that in commercial partnerships the extent of a partner's power to bind the firm is a question of law, while in non-commercial partnerships it is a question of fact.

In *Deardorf* v. *Thatcher*, 78 Mo. 128 — 47 Am. Rep. 95 — the question was whether a member of a non-mercantile firm could, *prima facie*, even for the purposes of the firm, bind the firm by a note executed in its name, and it was answered in the negative. The conclusion reached by the Supreme Court of Wisconsin in *Smith* v. *Sloan* was indorsed, and said to be abundantly sustained by the text writers.

*Pease* v. *Cole*, 53 Conn. 53 — 55 Am. Rep. 53 — is to the same effect. It is recent, and will be found to contain a very full consideration of the cases on both sides of this question. There are many other cases holding the same way, in some of which the partnerships were in farming, but we forbear reference to them. Nor do we deem it necessary to refer specially to the cases opposed to the view we adopt. Suffice it to say that they do not shake our confidence in its soundness.

We hold, therefore, that one member of a farming partnership, pure and simple, has no authority implied by law to bind the firm by a negotiable promissory note, concerning the consideration of which nothing appears, and the court below erred in holding otherwise.

The question of the effect of the payments on the note by the partner who gave it, to remove the bar of the Statute of Limitations as to the other partner, is, of course, eliminated from the case.

*Reversed and remanded.*